WEBB *v*. VAN VLEET-MANSFIELD DRUG COMPANY.

Opinion delivered October 4, 1915.

1. FRAUDULENT CONVEYANCES—SALE BY HUSBAND TO WIFE—ISSUE OF FACT.—When it was contended that a husband had sold a stock of goods to his wife, but that he had retained possession of the same, the question of whether the sale was fraudulent should be submitted to the jury.

2. APPEAL AND ERROR—HARMLESS ERROR.—This court will not reverse for errors which are not prejudicial.

3. APPEAL AND ERROR—HARMLESS ERROR.—A. owned certain drugs of the value of $700. These were in a store house with drugs of the same value belonging to her husband. These were all levied upon by a creditor of the husband and sold to A. for $114.50. In an action by A. against the creditor for damages, the error of the court in directing a vedict in favor of the defendant is not prejudicial, since under the purchase A. retained her own stock and ac-

quired the stock of her husband for an inconsiderable sum, in proportion to its value.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*T. W. Campbell* and *W. L. Pope,* for appellant.

1.   The court's direction to the jury to find for the appellee because "the plaintiff has failed to make out a case establishing the fact that she is the owner of one-half interest in the stock of drugs" was erroneous because her testimony to that effect was undisputed. There was, therefore, some evidence to establish the issue in appellant's favor, which should have gone to the jury. 89 Ark 368.

2.   The second ground for directing the verdict "that she allowed it to be sold without interposing any objections to the sale," etc., is erroneous because she had already objected to the levying of the attachment, and it was not necessary to make objection again at the sale under the attachment.

3.   Appellant should recover on account of the closing of her building the fair rental thereof during the time it was closed. 58 Ark. 612.

*E. G. Schoonover,* for appellee.

1.   The complaint states no cause of action. If appellant and husband were partners, he should have joined in the action. If they were tenants in common of personal property both should have joined in the action. 87 N. Y. S. 1101.

The allegation that she was deprived of the use of her house, without allegation of its rental value, stated no cause of action, unless for nominal damages.

2.   Appellant could have interpleaded for the property at the sale, or at any rate should have asserted her rights at that time. Kirby's Dig., §§ 425, 426.

3.   The proof shows that appellant sustained no damages. There was nothing to submit to the jury.

HART, J.   Appellant instituted this action against appellee to recover damages alleged to have been sus-

tained by reason of appellee wrongfully causing an attachment to be levied on her property. Appellee answered and made a general denial of the allegations of the complaint. Nannie E. Webb, appellant, in her own behalf, testified substantially as follows:

I own a store house at Biggers, Ark., in which was situated a stock of drugs owned by my husband, John T. Webb. On the 9th day of December, 1912, my husband executed to me a bill of sale for this stock of drugs and his household goods. The consideration recited in the bill of sale was one hundred dollars. The drugs sold to me were worth between seven and eight hundred dollars; at least calculation they were worth between six and seven hundred dollars. Subsequently my husband bought drugs of about the same value of the Van Vleet Drug Co., and placed them in the store house, where my drugs were. Later the Van Vleet Drug Co. caused a writ of attachment to be issued against my husband and the sheriff came to levy it upon the drugs in my store house. He failed to levy the attachment because the drugs were mine. In about two weeks he came back and levied the attachment upon all the drugs in the store house. Subsequently the drugs were sold under the attachment and I became the purchaser of them for the sum of $114.50.

This was all the testimony introduced and upon motion of appellee the court instructed the jury to return a verdict in its favor. This was error. The question of whether or not the bill of sale by John T. Webb to appellant, his wife, was fraudulent, should have been submitted to the jury.

It is true the husband remained in possession of the goods after the execution of the bill of sale but appellant testified that she had bought the goods of him. It might also be inferred from her testimony that she protested against the levying of the attachment upon her drugs. Under these circumstances the continued possession by the husband, of the drugs after the alleged sale was not conclusively fraudulent, but the question of whether or not the sale of the drugs was fraudulent, should have been left to the jury. It does not follow, however, that

the judgment must be reversed for this error. It is the settled rule of this court to reverse judgments only for errors that are prejudicial to the rights of appellants. Appellant testified that she purchased the whole stock of drugs at the attachment sale for $114.50. She also testified that the property owned by her was worth at least between six hundred and seven hundred dollars, and that the portion owned by her husband was worth an equal sum. Only two months elapsed between the levying of the attachment and the sale to the appellant under it. By the sale she obtained title to the whole of the stock of goods. Thus she received back the drugs which she claimed were her own and the stock belonging to her husband which she said were equal in value to the portion of the stock claimed by her and this she stated to be worth at least calculation between six and seven hundred dollars. Therefore, it is plain that she was not prejudiced by the action of the court in directing a verdict against her. Again she claims that the judgment should be reversed because she owned the store house in which the drugs were situated and that this was closed for a time of two months by reason of the levy of the attachment. This was done by the sheriff and the record does not show that it was done by the direction of appellee. Therefore, it is not responsible in damages to appellant on this account. We find no prejudicial error in the record and the judgment will be affirmed.